# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOAL WILLIAM GOODWIN,<br>    Petitioner, | No. 1:21-CV-00135 |
| v. | (Judge Rambo) |
| WARDEN QUAY,<br>    Respondent. | |

## MEMORANDUM OPINION

Presently before the Court is Petitioner Joal William Goodwin's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner seeks to be transferred to a facility within 500 miles of his intended release address and to receive twelve months of placement in a residential re-entry center. (*See id.*) Respondent submitted an answer, arguing that Petitioner was already transferred to a facility within 500 miles of his release address and that the Court lacks jurisdiction over Petitioner's request for placement in a residential re-entry center. (Doc. 8 at 1.) Petitioner has not filed a reply, and the time for doing so has now expired. (*See* Doc. 7.) For the reasons that follow, the Court will dismiss the petition as moot.

**I.    BACKGROUND**

Petitioner was incarcerated at the United States Penitentiary at Allenwood in White Deer, Pennsylvania, with a projected release date of August 4, 2022, when he filed the petition. (Doc. 1 at 1.) In the petition, Petitioner sought to be transferred to an institution within 500 miles from his release address in Colorado Springs,

Colorado, and to receive twelve months of placement in a residential re-entry center ("RRC") prior to his release from custody. (*Id.* at 2.) Shortly after the petition was filed, Petitioner was transferred to the United States Penitentiary at Florence in Florence, Colorado. (*See* Doc. 8 at 2.)

In light of Petitioner's request to be released to a residential re-entry center, the Court *sua sponte* accessed the Bureau of Prisons' inmate locator, *available at* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, to determine whether Petitioner has since been placed in a residential re-entry center. According to the inmate locator, however, Petitioner was released from custody on June 2, 2021.

## II. DISCUSSION

In light of Petitioner's release from custody as well as his prior transfer to USP Florence, this matter is now moot and must be dismissed. According to the mootness doctrine, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. This general principle derives from the case or controversy requirement of Article III of the

Constitution, which 'subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit.' In other words, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *DeFoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005) (internal citations omitted).

Here, Petitioner sought to be transferred to a facility within 500 miles of his release address and to be released to a residential re-entry center. As Respondent correctly points out in the answer, Petitioner was transferred to a facility within 500 miles of Petitioner's release address shortly after he filed the petition. Thus, this ground for relief is now moot.

Further, as to Petitioner's request to be released to a residential re-entry center, now that Petitioner has been released from custody, this ground for relief is also moot. Because the Court is unable to grant any further relief, the petition will be dismissed.

### III. CONCLUSION

For the reasons set forth above, the petition will be dismissed as moot. An appropriate Order follows.

                                                        <u>S/Sylvia H. Rambo</u>
                                                        United States District Judge

Dated: June 28, 2021